IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREEM LANDELL LOGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 00-CV-668-JHP-SAJ |
| | ) |
| RANDALL WORKMAN, Warden, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and is represented in this matter by attorney Don G. Pope. Before the Court for consideration is Petitioner's petition (Dkt. # 1). Petitioner also filed a supporting brief (Dkt. # 2). Respondent has filed a response (Dkt. # 33) and has provided the state court record (Dkt. # 35) necessary for resolution of Petitioner's claims. Petitioner has filed a reply (Dkt. # 38) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

In the early morning hours of August 5, 1996 , a drive-by shooting involving members of rival gangs occurred in Tulsa County, Oklahoma. Juan Brewer died at the scene of the shooting as a result of multiple gunshot wounds. Both Marco Johnson and Brandon Payne sustained gunshot wounds but survived. Johnson and Payne were members of the Hoover Crips 107 gang. A witness observed Petitioner Kareem Logan in the area at the time of the shootings. He was limping[1] and carrying an AK47 and an AR15.

As a result of these events, Petitioner was charged in an Amended Information with First Degree Murder (Count 1), and Shooting With Intent to Kill (Count 2), in Tulsa County District

---

[1] Petitioner was recovering from a gunshot wound to his thigh, sustained during a previous shooting incident.

Court, Case No. CF-97-319. At the conclusion of a jury trial, Petitioner was found guilty as charged on both counts. The jury recommended a sentence of life imprisonment without the possibility of parole on the First Degree Murder conviction and ten (10) years imprisonment on the Shooting With Intent to Kill conviction. On October 20, 1997, Petitioner was sentenced in accordance with the jury's recommendation, with the sentences ordered to be served consecutively. Petitioner was represented at trial by attorney Cliff Stark.

Petitioner, represented by attorney S. Gail Gunning, appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner raised three (3) issues as follows:

> I.  Mr. Logan was denied due process of law when the trial court failed to suppress his coerced self-incriminating statement.
>
> II. Mr. Logan was prejudiced by the improper admission of other crimes evidence.
>
> III. The trial evidence was insufficient to support Mr. Logan's convictions on Count I and Count II.

(Dkt. # 35, Direct Appeal Record, Ex. 1). On February 3, 1999, Petitioner filed a motion for new trial in the OCCA, on the basis of newly discovered evidence.[2] By order filed May 12, 1999, in Case No. F-97-1458, the OCCA affirmed the judgment and sentence of the trial court. (Id., Ex. 5). The OCCA also denied Petitioner's motion for new trial because it was not filed within one (1) year of the pronouncement of the Judgment and Sentence as required by Rule 2.1(A)(3), *Rules of the Oklahoma Court of Criminal Appeals*. Id,

On August 7, 2000, Petitioner, represented by attorney Don G. Pope, filed his federal petition

---

[2]The "newly discovered evidence" was comprised of two Affidavits executed by inmate Michael McClendon. At Petitioner's trial, Mr. McClendon testified as a State's witness that while they were in custody at the Tulsa County Jail, Petitioner had confessed his involvement in the shootings. In his Affidavits, Mr. McClendon recanted his trial testimony and stated that he had been coerced into giving the false testimony.

2

for writ of habeas corpus and supporting brief asserting two (2) claims as follows:

> Ground One: Mr. Logan was denied due process of law when the trial court failed to suppress his coerced self-incriminating statement.
>
> Ground Two: The court's failure to grant a new trial based on the recanted testimony of witness McClendon was denial of due process.

(Dkt. #s 1 and 2). In response to the petition, Respondent argued that the petition was subject to dismissal as a mixed petition, containing both an exhausted and an unexhausted claim. See Dkt. # 13. By Order filed September 26, 2002 (Dkt. # 18), the Court agreed with Respondent and found that Petitioner had failed to present his second claim concerning new evidence to the OCCA in a procedural posture by which that court could consider the claim and that Petitioner had an available state remedy for the claim. However, in light of the one-year limitations period which would foreclose the filing of a subsequent habeas corpus petition, the Court allowed Petitioner to choose between filing an amended petition deleting the unexhausted claim, or proceeding with an application for post-conviction relief while the instant federal case was stayed. Petitioner did not amend his petition, and by Order filed November 6, 2002 (Dkt. # 19), this matter was stayed while Petitioner exhausted state remedies.

On December 20, 2002, Petitioner filed an application for post-conviction relief in the state district court, asserting that he should be granted a new trial because State's witness Michael McClendon had recanted his trial testimony by executing affidavits to that effect. See Dkt. # 35, Post-Conviction Record, Ex. 1. On September 30, 2003, the requested relief was denied. Id., Ex. 2. Petitioner appealed. On January 28, 2004, the OCCA affirmed the denial of post-conviction relief. Id., Ex. 5.

On February 9, 2004, Petitioner provided notice (Dkt. # 31) in this case that he had exhausted state remedies. The Court lifted the stay and directed Respondent to file a response to Petitioner's

claims. See Dkt. # 32. Respondent filed a response on March 8, 2004 (Dkt. # 33), asserting that Petitioner is not entitled to habeas corpus relief on his claims. Petitioner filed a reply (Dkt. # 38).

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner has exhausted state remedies by presenting his claims to the OCCA on direct and post-conviction appeal.

The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Claims adjudicated by OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).

After careful review of Petitioner's supporting brief and the exhibits provided by Respondent in support of the Response, the Court finds that Petitioner presented both claims to the OCCA, the

4

first on direct appeal and the second on post-conviction appeal. The OCCA considered, but rejected, each claim. See Dkt. # 35, Direct Appeal Record, Ex. 5; Post-Conviction Record, Ex. 5. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### *1. Improper admission of coerced statement (claim 1)*

As his first claim, Petitioner argues that his self-incriminating statement made to police officers was improperly admitted because it was induced by coercion. Specifically, Petitioner asserts that his statement was made because the interrogating officers threatened to arrest his mother on charges of harboring a fugitive unless Petitioner recited a version of events consistent with their theory of the case. See Dkt. # 2 at 5. On direct appeal, the OCCA reviewed the trial transcript and the transcript of the interview, and found that

> Appellant's statement was free and voluntary and not obtained by any direct or implied threats, promises, or improper influences. *Young v. State*, 1983 OK CR 126, ¶ 15, 670 P.2d 591, 594. In fact, at the end of the interview when the police did threaten to charge Appellant's mother, Appellant scoffed and terminated the interview. The trial court properly admitted Appellant's statement. This claim is denied.

(Dkt. # 35, Direct Appeal Record, Ex. 5 at 4).

To be entitled to habeas relief on a claim challenging admission of a statement alleged to be involuntary, a petitioner "must also show his version of events, if true, would require the conclusion that his confession was involuntary." Lucero v. Kerby, 133 F.3d 1299, 1310-12 (10th Cir. 1998) "A defendant's confession is involuntary if the government's conduct causes the defendant's will to be overborne and 'his capacity for self-determination critically impaired.'" United States v. McCullah, 76 F.3d 1087, 1101 (10th Cir.1996) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973)). "In determining whether the defendant's will was overborne in a particular case, the court examines 'the totality of all the surrounding circumstances--both the characteristics of the accused and the details of the interrogation.'" Id. (quoting Schneckloth, 412 U.S. at 226). Relevant factors

5

"include the age, intelligence, and education of the suspect; the length of the detention and questioning; the use or threat of physical punishment; whether Miranda safeguards were administered; the accused's physical and mental characteristics; and the location of the interrogation." United States v. Perdue, 8 F.3d 1455, 1466 (10th Cir. 1993). In addition, the court must "consider the conduct of the police officers." Id.

A review of the record in this case does not establish that Petitioner's statement was involuntarily given. During Petitioner's trial, the detectives who conducted the interview of Petitioner were questioned in chambers concerning the voluntariness of Petitioner's statement, as required by Jackson v. Denno, 378 U.S. 368, 380 (1964) (holding that "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined"). See Dkt. # 35, Tr. Trans. Vol. III at 686-706. That record reflects that Petitioner was advised of his constitutional rights pursuant to Miranda by Detective Derrek Lewis before making the statements, and he signed a separate Notification of Rights and Waiver of those rights. See Dkt. # 35, State's Tr. Ex. 51. The Notification statement indicates Petitioner had a 12th grade education, and that he had not consumed drugs or alcohol in the 24 hours preceding the execution of the document. See id. Petitioner asserts that his confession was involuntary because the detectives threatened to arrest his mother on the charge of Harboring a Fugitive. (Dkt. #s 1 and 2). However, despite Petitioner's claim, the record contains no suggestion that the detectives used improper threats to elicit Petitioner's statements. See Bram v. United States, 168 U.S. 532, 542-43 (1897) (holding confession may not be obtained by threats or violence, direct or implied promises, or improper influence); Malloy v. Hogan, 378 U.S. 1, 7 (1964) (same). The record reflects that Petitioner, aware that his mother was being held in a different room at the police station, was told at the beginning of the interview that "nobody wants

6

your mama. And if you didn't do this, nobody wants you." See Dkt. # 35, Defendant's Tr. Ex. 11 at 2; Tr. Trans. Vol. III at 695. In addition, at the end of the interview, the detectives indicated Petitioner's mother would be taken into custody. See Dkt. # 35, Defendant's Tr. Ex. 11 at 23-25. However, Petitioner did not offer more information at that point or give any indication he was concerned about his mother being taken into custody. Instead, he stated "Yeah, go ahead, man. She, she, she'll be all right . . . it ain't like she gonna stay in there very long." Id. at 24. Thereafter, the interview was terminated. Id. at 25.

Based on the record, the Court finds that Petitioner's statement was not involuntary and that his statement was properly admitted at trial. Significantly, Petitioner has not alleged any additional facts which, if proven true, would require the conclusion that his statement was given involuntarily. Petitioner is not entitled to habeas relief on his claim that his statement was involuntary and, therefore, improperly admitted during his trial.

### *2. Failure to grant a new trial based on newly discovered evidence (claim 2)*

As his second proposition of error, Petitioner alleges that his motion for new trial based on newly discovered evidence was improperly denied. During Petitioner's trial, a fellow inmate at the Tulsa County Jail named Michael McClendon testified as a State's witness that Petitioner had made incriminating comments while in custody at the jail. Petitioner's "new evidence" warranting a new trial consists of two (2) affidavits from Mr. McClendon recanting his trial testimony. Petitioner raised this claim in his application for post-conviction relief. On August 28, 2003, the state district court held an evidentiary hearing to consider Mr. McClendon's testimony. See Dkt. # 35, Post-Conviction Hr'g Trans. By order filed September 30, 2003, see Dkt. # 35, Post-Conviction Record, Ex. 2, the state district court denied post-conviction relief. In its order denying post-conviction relief, the state district court entered findings of fact as follows:

7

> [t]he Court finds that Michael McClendon, based upon his sworn testimony received in open court on August 28, 2003, testified truthfully in the jury trial of this matter regarding the statements made to him by Kareem Logan. The Court further finds, based on sworn testimony of, Michael McClendon, that the affidavits executed by Michael McClendon, purporting to recant his trial testimony are untrue and were executed as a result of coercion by a fellow inmate.

(Dkt. # 35, Post-Conviction Record, Ex. 2 at 4). In affirming the denial of post-conviction relief, the OCCA found that "[t]he witness basically testified that his trial testimony was true, and that it was the affidavits that were false." (Id., Ex. 5 at 2). Based on that observation, the OCCA concluded that "this Court affords great deference to the District Court's findings on the issue of whether newly discovered evidence warrants a new trial, and those findings will be reviewed only for an abuse of discretion. We find Petitioner has not established the District Court erred or abused its discretion." (Id. (citation omitted)).

Under § 2254(d)(2), Petitioner is not entitled to habeas corpus relief unless the adjudication of his claim by the state courts resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2). In addition, pursuant to § 2254(e)(1), a determination of a factual issue made by a State court shall be presumed to be correct and a habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In accordance with 28 U.S.C. § 2254, as modified by AEDPA, this Court's review of the state court determination of facts is limited to an inquiry into whether the conclusions of the state courts were unreasonable based on the evidence presented and whether petitioner has presented evidence that clearly and convincingly rebuts the presumption that the state court's factual findings are correct.

The Court has reviewed the record in light of Petitioner's arguments and concludes that there is no basis for disturbing the state courts' findings. In his reply to Respondent's response, Petitioner asserts that "the trial court's findings of fact at the Post Conviction Evidentiary hearing that

McClendon testified truthfully at trial, while accurate, does not resolve the question as to the error at the trial." (Dkt. # 38 at 3). Petitioner further states that "[t]his is a material issue and the court's failure to address that issue was a denial of due process." (Id.) Petitioner asks this Court to disturb the State courts' findings of fact based on Mr. McClendon's post-conviction testimony characterizing his trial testimony as merely a recounting of Petitioner's statements of his case as heard from a third party rather than Petitioner's recounting of the events of the crime. However, Mr. McClendon also testified at the post-conviction evidentiary hearing that he was pressured into writing the affidavits at the Oklahoma State Penitentiary by an inmate known as "Roach." He further stated that his trial testimony was truthful[3] and that the recantation contained in the affidavits was untrue. Petitioner has failed to demonstrate that the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence presented in the post-conviction proceeding or to rebut the presumption of correctness with clear and convincing evidence. Petitioner's argument presented in this action is insufficient to overcome the presumption of correctness this Court must afford the State courts' post-conviction findings of fact concerning his request for a new trial. Petitioner is not entitled to habeas corpus relief in the form of a new trial based on new evidence.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

---

[3] At trial, Petitioner's counsel asked Mr. McClendon whether he was positive that Petitioner was telling him what happened at the time of the shootings or was Petitioner talking about what happened at his preliminary hearing. See Dkt. # 35, Tr. Trans. Vol. III at 855. Mr. McClendon responded that Petitioner told him what happened on the day Juan Brewer was killed, not what transpired at the preliminary hearing. Id.

Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

SO ORDERED THIS 13th day of July 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma